**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Guy HAUGHWOUT, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 7, 2002.

Filed Jan. 21, 2003.

---

Albert J. Flora, Wilkes-Barre, for appellant.

Frank P. Barletta, Assistant District Attorney, Wilkes-Barre, for Com., appellee.

Before: MUSMANNO, GRACI, and MONTEMURO,* JJ.

GRACI, J.

¶ 1 Appellant, Guy Haughwout, appeals from the judgments of sentence following his guilty pleas for forgery and two counts of indecent assault and the trial court's determination that he is a "sexually violent predator" ("SVP") pursuant to Pennsylvania's Megan's Law, 42 Pa.C.S.A. §§ 9791–9799. Specifically, Mr. Haughwout argues that: (1) the evidence was insufficient to establish by clear and convincing evidence that he is a sexually violent predator as defined under Pennsylvania's Megan's Law; and (2) the registration, notification, and counseling provisions of Pennsylvania's Megan's Law violate the Fourteenth Amendment of the United States Constitution. Upon review, we remand these cases to the trial court with instructions.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 Our review of the record indicates that, on February 15, 2002, Mr. Haughwout was found to be a sexually violent predator and sentenced to seven to thirty-six months imprisonment for indecent assault (count three), 18 Pa.C.S.A. § 3126(a)(7), seven to thirty-six months imprisonment for a second count of indecent assault (count one), 18 Pa.C.S.A. § 3126(a)(7), to be served concurrently with the first count of indecent assault (count three), and to one year's probation for forgery (count one), 18 Pa.C.S.A. § 4101(a), to be served consecutively to the first count of indecent assault (count three). Order, 2/15/02. Mr. Haughwout was granted credit for time served. Id.[1]

¶ 3 On February 25, 2002, Mr. Haughwout filed timely motions to modify the sentences. Motions to Modify Sentence, 2/25/02. In his motions, he challenged the court's finding that he is a sexually violent predator and the constitutionality of Pennsylvania's Megan's Law. Id.

---

* Retired Justice assigned to the Superior Court.

1. The trial court stated that, among other things, Mr. Haughwout's parole and probation were conditioned on his continued therapy and treatment. Order, 2/15/02. Moreover, Mr. Haughwout was to have no contact with any minors, alcohol, or drugs. Id.

¶ 4 On February 26, 2002, the court wrote "Denied" on proposed orders, which accompanied the modification motions, for the district attorney's office to show cause why Mr. Haughwout's request for modification of sentences should not be granted. Order, 2/26/02.[2] Mr. Haughwout filed his notices of appeal on March 13, 2002. Notices of Appeal, 3/13/02.[3] In his notices of appeal, Mr. Haughwout stated that the trial court's judgments of sentence became final on February 26, 2002. *Id.* This was the date of the above-referenced orders. Mr. Haughwout's appeals were timely filed pursuant to Pa.R.Crim.P. 720(A)(2)(a).[4]

¶ 5 Nonetheless, on April 18, 2002, the trial court purported to modify Mr. Haughwout's sentences to seven to twenty-four months imprisonment, less one day with credit for time served, for the first count of indecent assault (count three), seven to twenty-four months imprisonment, less one day, for the second count of indecent assault (count one), to be served concurrently with the first count of indecent assault, and two years probation for forgery (count one), to be served consecu-

tively to the first count of indecent assault (count three). Order, 4/18/02.[5]

¶ 6 The following day, on April 19, 2002, the trial court modified the April 18, 2002, order as to the second count of indecent assault (count one) to two years probation, to be served concurrently with the first count of indecent assault (count three). Order, 4/19/02.[6] Because Mr. Haughwout served his minimum sentence, the trial court directed that he be released from incarceration and report to the Luzerne County Adult Probation and Parole Department. *Id.*[7]

## II. DISCUSSION

¶ 7 Rule 1701(a) of the Rules of Appellate Procedure states that, "after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa. R.A.P. 1701(a); *see also* 42 Pa.C.S.A. § 5505 (stating that a court may modify any order within thirty days after its entry so long as no appeal from such order has been taken). However, according to Rule 1701(b)(3), "[a]fter an appeal is taken," the trial court may "[g]rant reconsideration of the order which is the subject of the ap-

2. The dockets in both indecent assault cases reflect the same information in relation to this order: "02/27/2002 Order of Court Filed—Order Denied." This entry is followed by the name of the judge.

3. In his brief, Mr. Haughwout stated that his post-sentence motion "was denied by the Trial Court without hearing." Appellant's Brief, at 4.

4. Rule 720(A)(2)(a) states that, "[i]f the defendant files a timely post-sentence motion, the notice of appeal shall be filed . . . within 30 days of the entry of the order deciding the motion." Pa.R.Crim.P. 720(A)(2)(a).

5. The trial court noted that all of the conditions of the February 15, 2002, sentences were to apply. Order, 4/18/02.

6. The trial court granted Mr. Haughwout credit for time served and stated that all con-

ditions of the February 15, 2002, sentence were to apply. Order, 4/19/02.

7. "Paroles from imprisonment for less than a maximum period of two years shall be granted by the sentencing court." 61 P.S. § 331.26. However, paroles from imprisonment for a maximum period of two years or more shall be granted by the Pennsylvania Board of Parole. 61 P.S. § 331.17. In the instant case, Mr. Haughwout was originally sentenced to a maximum period of more than two years imprisonment. Thus, the trial court was without power to grant Mr. Haughwout's parole. Only by reducing the sentence as the trial court purported to do here could the trial court grant parole in these cases. However, as explained below, the trial court was powerless to modify Mr. Haughwout's sentence.

peal," if "an application for reconsideration of the order is filed in the trial court ... within the time provided or prescribed by law" and "an order expressly granting reconsideration of such prior order is filed in the trial court ... within the time prescribed by these rules for the filing of a notice of appeal." Pa.R.A.P. 1701(b)(3). In this case, had Mr. Haughwout filed motions for reconsideration in conjunction with his notices of appeal (the Note to Rule 1701 acknowledges that this is "the better procedure under this rule." Pa. R.A.P. 1701, Note.), the trial court would have had until the thirtieth day after the entry of the order deciding his post-sentence motion to file an order expressly granting reconsideration. Had the trial court granted reconsideration, the trial court would have had the remaining balance of the time period set forth in Rule 720 of the Rules of Criminal Procedure to decide the post-sentence motion. Pa. R.Crim.P. 720, Note.

> [R]econsideration of a decision on a defendant's post-sentence motion ... to modify sentence must take place within the time limits set by [Rule 720 of the Rules of Criminal Procedure], and the judge may not vacate sentence or 'grant reconsideration' pursuant to subdivision (b)(3) [of Rule 720] in order to extend the time limits for disposition of [that motion].

Pa.R.A.P. 1701, Note; *see also* Pa. R.Crim.P. 720, Note.[8]

■ ¶ 8 In these cases, Mr. Haughwout filed appeals on March 13, 2002. However, Mr. Haughwout did not file applications for reconsideration. Accordingly, the trial court was without jurisdiction to modify its

original sentences after Mr. Haughwout filed his notices of appeal on March 13, 2002. We, therefore, will remand these cases and direct the trial court to reinstate its original sentences.

■ ¶ 9 Upon remand, the trial court will also be required to explain its conclusion that Mr. Haughwout is an SVP and its reasons for its order of February 26, 2002 denying Mr. Haughwout's post-sentence motions. Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure states:

> Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P.1925(a). "The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review.... Rule 1925 is thus a crucial component of the appellate process." *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306, 308 (1998).

¶ 10 Here, Mr. Haughwout challenged the trial court's determination that he is an SVP in his sentence modification motion. However, we are unable to conduct effective and meaningful review because the trial court neither indicated in the record its reasons for determining that Mr. Haughwout is a sexually violent predator nor filed a 1925(a) opinion addressing that issue.

---

8. Under Rule 720(B)(3)(a) of the Rules of Criminal Procedure, a trial court has 120 days to decide a post-sentence motion. Pa. R.Crim.P. 720(B)(3)(a). Upon motion by the defendant for good cause shown, the trial court may grant "one 30–day extension for decision on the motion." Pa.R.Crim.P. 720(B)(3)(b). In the event that the trial court decides the motion, it may reconsider that motion so long as there is time left within the period stated in paragraphs (B)(3)(a) and (B)(3)(b). Pa.R.Crim.P. 720, Note.

¶ 11 In *Commonwealth v. Krouse,* 799 A.2d 835, 842 (Pa.Super.2002), this Court stated, "[W]e strongly recommend that trial courts present specific findings of fact regarding the findings necessary for a SVP determination as defined in [42 Pa. C.S.A. § ] 9792 and the factors specified in Section 9795.4(b) which the legislature has deemed relevant." We recognize that the trial court did not have the benefit of the *Krouse* decision since it was filed after the record in this case was transmitted to this Court. Nevertheless, "it is the *trial court* that has the sole authority to determine a defendant to be an SVP." *Id.* at 839. Since, under *Krouse,* we are obligated to determine the sufficiency of the evidence supporting that conclusion, the trial court's failure to file an opinion substantially impedes our review. Therefore, we direct the trial court to file a 1925(a) opinion setting forth the reasons for its SVP determination.

## III. CONCLUSION

¶ 12 As the trial court was without jurisdiction to modify the sentences imposed in these cases, the trial court, upon remand, is to reinstate the original sentences imposed on February 16, 2002. Moreover, the trial court must file an opinion addressing the SVP designation. We will retain jurisdiction of these cases pending receipt of the trial court's opinion.

¶ 13 Remanded with instructions. Jurisdiction retained.