J-A29043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JACQUELYN ORTOLANI AND ANTHONY ORTOLANI | : | No. 1383 EDA 2018 |
| APPEAL OF: JACQUELYN ORTOLANI | : | |

Appeal from the Order Entered April 3, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 14-23915

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED JANUARY 07, 2019**

Appellant Jacquelyn Ortolani ("Mrs. Ortolani") appeals from the April 3, 2018, order entered in the Court of Common Pleas of Montgomery County granting Appellee Wells Fargo Bank, N.A.'s ("Wells Fargo Bank") motion for summary judgment in this *in rem* mortgage foreclosure action.[1]  After a careful review, we affirm.

The relevant facts and procedural history are as follows:  On October 27, 2000, Anthony and Jacquelyn Ortolani (collectively "the Ortolanis"), in

___

[1] During this matter, a default judgment was entered in favor of Wells Fargo Bank and against Anthony Ortolani ("Mr. Ortolani"), who is divorced from Mrs. Ortolani.  Mr. Ortolani did not seek to open the default judgment, and he is not a party to this appeal.  We note the order at issue is a final order disposing of all parties and all claims.  *See* Pa.R.A.P. 341(b)(1).

___

*   Former Justice specially assigned to the Superior Court.

consideration of a loan in the principal amount of $210,000.00, executed a promissory note ("note") in favor of World Savings Bank, FSB ("World Savings Bank"). As security for their obligations under the note, the Ortolanis executed and delivered to World Savings Bank a mortgage for property located on Gwynmont Drive, Montgomery Township, Pennsylvania; World Savings Bank duly recorded the mortgage. Thereafter, World Savings Bank changed its name to Wachovia Mortgage, FSB, and then changed its name to Wells Fargo Bank Southwest, N.A, and as of November 1, 2009, merged into Wells Fargo Bank, resulting in Wells Fargo Bank as the surviving corporation.

On August 19, 2014, Wells Fargo Bank filed a civil complaint in mortgage foreclosure alleging the Ortolanis had made no mortgage payments since September 15, 2010; Wells Fargo Bank was the eventual successor of World Savings Bank via merger; Wells Fargo Bank was the holder of the mortgage and note; and Wells Fargo Bank had possession of the note. Wells Fargo Bank indicated that it sent to the Ortolanis a Notice of Intention to Foreclose, a Notice of Homeowner's Emergency Assistance Program, and a Notice of Default. Wells Fargo Bank noted that a judicial sale of the premises was intended.

Wells Fargo Bank attached to its complaint a certification from the Comptroller of the Currency Administrator of National Banks in support of its allegation of merger. *See* Wells Fargo Bank's Complaint, filed 8/19/14, Exhibit A. It also attached to its complaint a copy of the duly-recorded mortgage,

which was executed between the borrowers (the Ortolanis) and the lender (World Savings Bank, its successors, and/or assignees), as well as a copy of the note, which was executed between the borrowers (the Ortolanis) and the lender (World Savings Bank, its successors, and/or assignees).

After the Ortolanis failed to respond to the complaint, on May 25, 2016, Wells Fargo Bank obtained a default judgment against them. However, Mrs. Ortolani filed a petition to open the default judgment, which the trial court granted.

On October 11, 2017, Mrs. Ortolani filed a counseled answer with new matter to Wells Fargo Bank's complaint, and Wells Fargo Bank filed a reply to the new matter. On January 23, 2018, Wells Fargo Bank filed a motion for summary judgment averring, *inter alia*, that there is no dispute the mortgage is in default, Wells Fargo Bank is the holder of the note and mortgage, and Wells Fargo Bank complied with the applicable notice requirements. Additionally, Wells Fargo Bank attached an affidavit from Cynthia A. Thomas, the vice president of loan documentation for Wells Fargo Bank. Ms. Thomas confirmed, *inter alia*, that Wells Fargo Bank has possession of the original note.

Mrs. Ortolani filed a response to the motion for summary judgment. By order entered on April 3, 2018, the trial court granted Wells Fargo Bank's motion for summary judgment and entered judgment in favor of Wells Fargo Bank.

On May 1, 2018, Mrs. Ortolani contemporaneously filed a "Motion to Enforce Proposed Consent Judgment Stipulation," a "Motion for Reconsideration of Summary Judgment," and a notice of appeal to this Court from the trial court's April 3, 2018, summary judgment order.

In the "Motion to Enforce Proposed Consent Judgment Stipulation," Mrs. Ortolani averred that, while Wells Fargo Bank's summary judgment motion was pending in the trial court, "the parties were engag[ed] in extensive discussion as to resolution of the matter." Mrs. Ortolani's Motion to Enforce Proposed Consent Judgment Stipulation, filed 5/1/18. She further averred that Wells Fargo Bank conveyed a written proposal to Mrs. Ortolani on March 29, 2018. *See id.* The cover letter to the proposal indicated, "Kindly review, execute and return it [to] our office within ten (10) business days from the date of this letter."[2] *See id.* She noted the tenth business day was April 9, 2018; however, before the expiration of the proposal date, the trial court entered summary judgment on April 3, 2018. *See id.* Mrs. Ortolani noted she contacted Wells Fargo Bank on April 5, 2018, after receiving the summary judgment order, and indicted she wanted to accept Wells Fargo Bank's proposal. *See id.* However, Wells Fargo Bank emailed Mrs. Ortolani on April 9, 2018, indicating the proposal had been rescinded. Mrs. Ortolani averred Wells Fargo Bank was not permitted to withdraw the offer after she verbally

_____

[2] Mrs. Ortolani attached to her motion a copy of the written consent judgment stipulation. We note the stipulation has not been signed by any of the parties.

- 4 -

accepted it on April 5, 2018. Accordingly, she sought to have the summary judgment order opened/stricken and the proposed consent judgment stipulation enforced.

In the "Motion for Reconsideration of Summary Judgment," Mrs. Ortolani averred the summary judgment order should be opened/stricken since she accepted Wells Fargo Bank's consent judgment proposal prior to the Bank withdrawing the offer.

The trial court never ruled on Mrs. Ortolani's "Motion to Enforce Proposed Consent Judgment Stipulation" or "Motion for Reconsideration of Summary Judgment." Instead, by order entered on May 18, 2018, the trial court directed Mrs. Ortolani to file a statement pursuant to Pa.R.A.P. 1925(b).[3] Mrs. Ortolani timely complied on June 6, 2018, and the trial court filed a responsive Pa.R.A.P. 1925(a) opinion on June 27, 2018.

On appeal, Mrs. Ortolani presents the following issues in her statement of questions involved:

1. Was summary judgment properly granted when [Wells Fargo Bank] failed to produce clear, definite proof of its actual ownership of the original mortgage note as [] an alleged successor in interest in order to establish that it was the proper real property in interest?

2. Was summary judgment properly granted when [Wells Fargo Bank] provided and relied on a self-serving Affidavit from Cynthia A. Thomas in support of its motion for summary

---

[3] The trial court's order complied with Pa.R.A.P. 1925(b)(3) pertaining to the required contents.

- 5 -

judgment and its contention that [Wells Fargo Bank] had the original note and that it was duly endorsed?

3. Did the trial court err in failing to open/strike the summary judgment in this mortgage foreclosure case entered April 5, 2018[,] so that [Mrs. Ortolani's] motion for reconsideration filed May 1, 2018[,] and/or motion to enforce proposed consent judgment stipulation filed May 1, 2018[,] could be ruled on as right before summary judgment was entered, [Wells Fargo Bank] had proposed a consent judgment stipulation to [Mrs. Ortolani], open until April 9, 2018, but revoked same on April 9, 2018[,] after summary judgment was entered? The docket reflects the filing of the Motions as well as the Affidavit of Service of same. If [Mrs. Ortolani] cannot proceed with this appeal, then she would be foreclosed from challenging [Wells Fargo Bank's] revocation of the proposed Consent Judgment Stipulation and its alleged validity until and on April 9, 2018.

Mrs. Ortolani's Brief at 4-5 (suggested answers omitted).[4]

It is well-settled that:

Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

---

[4] We have renumbered Mrs. Ortolani's appellate issues for the sake of effective appellate review. We note that Mrs. Ortolani's issues raised in her Rule 1925(b) statement and her statement of the questions involved are identical.

*Hovis v. Sunoco, Inc.*, 64 A.3d 1078, 1081 (Pa.Super. 2013) (quoting *Cassel–Hess v. Hoffer*, 44 A.3d 80, 84–85 (Pa.Super. 2012)). "[P]arties seeking to avoid the entry of summary judgment against them may not rest upon the averments contained in their pleadings. On the contrary, they are required to show, by depositions, answers to interrogatories, admissions or affidavits, that there is a genuine issue for trial." *Washington Fed. Sav. & Loan Ass'n v. Stein*, 515 A.2d 980, 981 (Pa.Super. 1986) (citing Pa.R.C.P. 1035(d)).

Combining her argument for her first and second issues, Mrs. Ortolani avers the trial court improperly granted Wells Fargo Bank's motion for summary judgment since Wells Fargo Bank did not have standing to commence the instant mortgage foreclosure action.[5] Specifically, Mrs. Ortolani claims Wells Fargo Bank failed to prove "ownership and possession of the original note" so as to permit it to commence the instant mortgage foreclosure action. Mrs. Ortolani's Brief at 14. *See J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258 (Pa.Super. 2013) (holding a debtor's claim that bank was not a real party in interest to bring a foreclosure action was a challenge to the bank's standing).

The law is clear that only "the real party in interest" may prosecute a legal action. Pa.R.C.P. No. 2002(a).

---

[5] Mrs. Ortolani indicates that, "[f]or judicial expedience," she is combining her first two issues into one argument section. Mrs. Ortolani's brief at 14.

- 7 -

> In a mortgage foreclosure action, the mortgagee is the real party in interest. *See Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 922 n.3 (Pa.Super. 2010). This is made evident under our Pennsylvania Rules of Civil Procedure governing actions in mortgage foreclosure that require a plaintiff in a mortgage foreclosure action specifically to name the parties to the mortgage and the fact of any assignments. Pa.R.C.P. No. 1147. A person foreclosing on a mortgage, however, also must own or hold the note. This is so because a mortgage is only the security instrument that ensures repayment of the indebtedness under a note to real property. *See Carpenter v. Longan*, 83 U.S. 271, 275, [] 21 L.Ed. 313 (1872) (noting "all authorities agree the debt is the principal thing and the mortgage an accessory."). A mortgage can have no separate existence. *Id.* When a note is paid, the mortgage expires. *Id.* On the other hand, a person may choose to proceed in an action only upon a note and forego an action in foreclosure upon the collateral pledged to secure repayment of the note. *See Harper v. Lukens*, 271 Pa. 144, 112 A. 636, 637 (1921) (noting "as suit is expressly based upon the note, it was not necessary to prove the agreement as to the collateral."). For our instant purposes, this is all to say that to establish standing in this foreclosure action, [the Bank] had to plead ownership of the mortgage under Rule 1147, and have the right to make demand upon the note secured by the mortgage.[1]
>
> _____
>
> [1]The rules relating to mortgage foreclosure actions do not expressly require that the existence of the note and its holder be pled in the action. Nonetheless, a mortgagee must hold the note secured by a mortgage to foreclose upon a property. "The note and mortgage are inseparable; the former as essential, the latter as an incident." *Longan*, 83 U.S. at 274.
>
> _____

*CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 68 (Pa.Super. 2016).

Based upon our review of the record, the facts are clear and no reasonable minds could differ as to the conclusion that Wells Fargo Bank had standing in this matter. Mrs. Ortolani admitted that she obtained a loan from World Savings Bank and executed a note and mortgage in favor of World Savings Bank. *See* Mrs. Ortolani's Answer to Complaint, filed 10/11/17. Wells

Fargo Bank averred in its complaint that the original bank, World Savings Bank, changed its name to Wachovia Mortgage, and then changed its name to Wells Fargo Bank Southwest, and as of November 1, 2009, merged with Wells Fargo Bank, resulting in Wells Fargo Bank as the surviving corporation. *See* Wells Fargo Bank's Complaint, filed 8/19/14. Mrs. Ortolani indicated "no response" to this averment was necessary. *See* Mrs. Ortolani's Answer to Complaint, filed 10/11/17. Wells Fargo Bank also averred that it was the holder of Mrs. Ortolani's mortgage and note via the merger of the banks. *See* Wells Fargo Bank's Complaint, filed 8/19/14. Mrs. Ortolani denied these assertions generally based on lack of her independent knowledge. *See* Mrs. Ortolani's Answer to Complaint, filed 10/11/17. Wells Fargo Bank attached to its complaint a certification from the Comptroller of the Currency Administrator of National Banks in support of its allegation of merger. *See* Wells Fargo Bank's Complaint, filed 8/19/14, Exhibit A. It also attached to its complaint a copy of the mortgage, which was executed between the borrowers (the Ortolanis) and the lender (World Savings Bank, its successors, and/or assignees), as well as a copy of the note, which was executed between the borrowers (the Ortolanis) and the lender (World Savings Bank, its successors, and/or assignees).

It is well-settled that when the original mortgage company merges with another company, the surviving corporation becomes the mortgagee under the mortgage agreement, as it "succeeds to both the rights and obligations of

the constituent corporations." *See Park v. Greater Delaware Valley Sav. & Loan Ass'n*, 523 A.2d 771, 775–76 (Pa.Super. 1987). As a result, the surviving corporation becomes the real party in interest in a mortgage foreclosure action. **See** 12 U.S.C.A. § 215a(e). No assignment or endorsement is necessary to bestow upon the surviving bank the status of the real party in interest to enforce a debt owed to its predecessor. **See id.** 12 U.S.C. § 215a(e); 7 P.S. § 1606. The surviving corporation, however, has only the same rights with respect to the debt that its predecessor had at the time of merger. **See J.P. Morgan Chase Bank, N.A**, **supra** (suggesting succession by merger is sufficient proof to show ownership of note and mortgage). If the predecessor in interest was entitled to enforce the note at the time of merger, then the surviving corporation may do the same. **See id.** This assumes, however, that the predecessor in interest was, at the time of the merger, itself entitled to enforce the note. **See id.**; 13 Pa.C.S.A. § 3302(c).

Here, there is no genuine issue of material fact that the original bank, World Savings Bank, although renamed several times, merged into Wells Fargo Bank and, at the time of merger, could have enforced the mortgage and note. Thus, as a matter of law, given the fact Wells Fargo Bank is the surviving corporation that succeeded World Savings Bank, Wells Fargo Bank's right to enforce the mortgage and note arises by operation of its ownership of the

asset through mergers and acquisitions. *See J.P. Morgan Chase Bank, N.A., supra; Park, supra.*

Regarding Mrs. Ortolani's suggestion Wells Fargo Bank failed to prove it had possession of the original note, assuming such possession is material, Mrs. Ortolani denied generally Wells Fargo Bank's allegation that it had possession of the note and she demanded proof. Mrs. Ortolani's Answer to Complaint, filed 10/11/17. The trial court noted Wells Fargo Bank attached a copy of the original note to its complaint. Further, Wells Fargo Bank produced and attached to its motion for summary judgment a sworn affidavit from Ms. Thomas, who indicated that, during the regular performance of her job duties and record keeping for Wells Fargo Bank, she was able to confirm that Wells Fargo Bank was in possession of the note. Mrs. Ortolani responded that the sworn affidavit is "self-serving."[6] She submitted no evidence during discovery contrary to Wells Fargo Bank's allegation of possession. *See Washington Fed. Sav. & Loan Ass'n*, 515 A.2d at 983 ("In order to properly raise a genuine issue of fact, [the appellant] had the burden to present 'facts' by counter-affidavits, depositions, admissions, or answers to interrogatories."). Thus, we conclude Mrs. Ortolani failed to establish a

_____

[6] To the extent Mrs. Ortoloni contends that, in granting summary judgment, the trial court may not rely upon "self-serving" sworn affidavits, we conclude she has not properly developed an argument with regard thereto on appeal. *See* Pa.R.A.P. 2119.

genuine issue of material fact as to this issue, and the trial court did not err in entering summary judgment as a matter of law in favor of Wells Fargo Bank.

In her final issue, Mrs. Ortolani avers the trial court abused its discretion in failing to open/strike the summary judgment order and considering her motion for reconsideration and/or motion to enforce the proposed consent judgment stipulation.[7] Specifically, Mrs. Ortolani avers the trial court should have exercised its power under 42 Pa.C.S.A. § 5505 since there were "extraordinary circumstances relating to the proposed consent judgment stipulation" present in this case. **See** Mrs. Ortolani's Brief at 13.

Initially, we note that, after the trial court entered its April 3, 2018, order granting summary judgment, on May 1, 2018, Mrs. Ortolani filed a notice of appeal, as well as her motion for reconsideration and motion to enforce the proposed consent judgment stipulation. Pennsylvania Rule of Appellate Procedure 1701 and Section 5505 generally prohibit a trial court from proceeding further in the matter after an appeal is taken, but there are exceptions. **See** Pa.R.A.P. 1701; 42 Pa.C.S.A. § 5505.

As this Court has recognized:

> Rule 1701(a) of the Rules of Appellate Procedure states that, "after an appeal is taken ... the trial court ... may no longer proceed further in the matter." Pa.R.A.P. 1701(a); **see also** 42 Pa.C.S.A. § 5505 (stating that a court may modify any order within thirty days after its entry so long as no appeal from such

---

[7] Mrs. Ortolani does not dispute that her motion to enforce the prosed consent judgment stipulation sought reconsideration of the trial court's summary judgment order, and therefore, we shall treat it as such on appeal.

order has been taken). However, according to Rule 1701(b)(3), "[a]fter an appeal is taken," the trial court may "[g]rant reconsideration of the order which is the subject of the appeal," if "an application for reconsideration of the order is filed in the trial court ... within the time provided or prescribed by law" and "an order expressly granting reconsideration of such prior order is filed in the trial court ... within the time prescribed by these rules for the filing of a notice of appeal." Pa.R.A.P. 1701(b)(3).

*Commonwealth v. Haughwout*, 816 A.2d 247, 249-50 (Pa.Super. 2003).

Accordingly, relevant to the case *sub judice*, notwithstanding the fact Mrs. Ortolani filed a timely notice of appeal, since she filed her motion for reconsideration and motion to enforce the proposed consent judgment stipulation "within the time provided or prescribed by law" (*i.e.*, within thirty days after the trial court's order granting summary judgment), the trial court had the authority to rule on, and in fact expressly grant reconsideration if it were so inclined, as long as it did so within thirty days of its April 3, 2018, summary judgment order. **See Haughwout**, **supra**. **See also** Pa.R.A.P. 1701; 42 Pa.C.S.A. § 5505. However, contrary to Mrs. Ortolani's suggestion, the trial court was not required to act on the motions. Rather, the trial court's authority in this regard was "almost entirely discretionary[.]" **Verholek v. Verholek**, 741 A.2d 792, 798 (Pa.Super. 1999) (*en banc*). **See Moore v. Moore**, 535 Pa. 18, 634 A.2d 163, 167 (1993) (indicating the trial court's authority to reconsider its own judgment "is left to the sound discretion of the trial court"). Simply put, in the case *sub judice*, Mrs. Ortolani has not

- 13 -

convinced us that the trial court abused its discretion in failing to open/strike the summary judgment order and rule on the motions at issue.[8]

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/19

---

[8] In its Rule 1925(a) opinion, the trial court relevantly noted:

> By asserting in her concise statement only that th[e] [trial] court erred in failing to open/strike the entry of summary judgment [and rule on her motions], [Mrs. Ortolani] has waived any claim that th[e] [trial] court abused its discretion in not granting reconsideration. **See Moore**, **supra** (stating that a request for reconsideration is addressed to the sound discretion of the trial court)[.]

Trial Court Opinion, filed 6/27/18, at 4 n.4. We agree with the trial court and, thus, to the extent Mrs. Ortolani argues on appeal the trial court erred in expressly granting her motions, we find the claim to be waived. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").