J-S05030-21

2021 PA Super 86

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL WHITE :
:
Appellant : No. 1310 EDA 2020

Appeal from the Judgment of Sentence Entered January 9, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007803-2018

BEFORE: BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

OPINION BY LAZARUS, J.: **FILED MAY 05, 2021**

Michael White appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he was convicted by a jury of tampering with evidence.[1] On appeal, he contends that the court costs and supervision fees he was ordered to pay should have been reduced or waived based on his financial means and ability to pay. After careful review, we affirm.

Following his conviction, the court sentenced White to two years of probation and ordered him to pay $399.75 in court costs, which includes probation supervision fees. At sentencing, White's attorney asked the court "to waive any courts costs and probation supervision fees[,]" arguing that White "has limited funds." N.T. Sentencing, 1/9/20, at 28-29. The trial judge, the Honorable Glenn B. Bronson, denied the request, noting the "matter was

---

[1] 18 Pa.C.S.A. § 4910(1).

before the Superior Court"[2] and that he believed "costs are mandatory and required to be imposed." *Id.* at 29. The trial judge also upheld the supervision fees, noting "I'll follow the practice in our court which is not to waive the supervision fees. They're minimal, in any event." *Id.* White filed a timely post-sentence motion, again raising the issue of whether the court erred in imposing court costs and probation supervision fees "without further hearing or inquiry into [White's] ability to pay." Post-Sentence Motion, 1/13/20, at 1. On June 9, 2020, the trial court denied the motion without a hearing. *See* Order, 6/9/20.

White filed a timely notice of appeal[3] and original and supplemental[4] Pa.R.A.P. 1925(b) concise statements of errors complained of on appeal.

_____

[2] Judge Bronson was referring to the recently decided en banc decision from this Court, *Commonwealth v. Lopez*, 2021 PA Super 51 (Pa. Super. 2021) (en banc). *See infra* at 3-4. Judge Bronson was the trial judge in that matter. *Id.* at CP-51-CR-0004377-2015 (filed July 16, 2018).

[3] Then, on June 29, 2020, the motion was also denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c). *See* Order, 6/29/20. Regardless of which order effectively disposed of White's post-sentence motion, his July 6, 2020 notice of appeal was timely filed within 30 days of both the June 9, 2020, and June 29, 2020 orders.

[4] White timely filed a motion for extension of time to file a supplemental Rule 1925(b) statement after receiving the necessary notes of testimony from trial. Pursuant to Pa.R.A.P. 1925(b)(2)(ii), "if a party has ordered[,] but not received[,] a transcript necessary to develop the [Rule 1925(b)] Statement, that party may request an extension . . . and attach the transcript purchase order to the [extension] motion. . . . [T]he trial court does not have to rule on the motion prior to the original due date[;] the motion will be deemed to have been granted." Pa.R.A.P. 1925(b)(2)(ii). On August 7, 2020, the trial court entered an order granting White's petition for extension.

White presents one issue for our consideration: "Was not [White] entitled to a determination at sentencing of whether costs should be reduced or waived based on his financial means and inability to pay?" Appellant's Brief, at 3.

On March 23, 2021, this Court issued its decision in **Commonwealth v. Lopez**, 2021 PA Super 51 (Pa. Super. 2021) (en banc). Like White, Lopez challenged the trial court's imposition of mandatory court costs without first holding a hearing to determine his ability to pay, asserting that such a hearing is required under Pa.R.Crim.P. 706(c)[5] and **Commonwealth v. Martin**, 335

_____

[5] Rule 706 provides:

(A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.

(B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.

(C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

(D) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent. At such hearing, the burden shall be on the defendant to prove that his or her financial condition has

*(Footnote Continued Next Page)*

A.2d 424 (Pa. Super. 1975) (holding court must hold ability-to-pay hearing when imposing fine), as well as sections 9721(c.1) and 9728(b.2) of the Sentencing Code.[6] **See** 42 Pa.C.S.A. §§ 9721(c.1) and 9728(b.2).

In rejecting Lopez's claim, this Court concluded that "[w]hen the sections of Rule 706 are read sequentially and as a whole, as the rules of statutory construction direct, it becomes clear that [s]ection C only requires a trial court to determine a defendant's ability to pay at a hearing that occurs prior to incarceration, as referenced in [s]ections A and B." **Lopez**, **supra** at *5. While the trial court maintains the discretion to conduct an ability-to-pay hearing prior to imposing costs, "nothing in the Rules of Criminal Procedure, the Sentencing Code[,] or established case law takes that discretion away from the trial court unless and until a defendant is in peril of going to prison for failing to pay the costs imposed on him." **Id.** at *11. Accordingly, White is entitled to no relief on his claim regarding costs.

---

deteriorated to the extent that the defendant is without the means to meet the payment schedule. Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

Pa.R.Crim.P. 706.

[6] Sections 9721(c.1) and 9728(b.2) of the Sentencing Code make the payment of costs by a defendant mandatory even in the absence of a court order requiring such payment unless, in the exercise of its discretion, the court determines otherwise pursuant to Rule 706(C).

White also contests the court's imposition of probation supervision fees without first determining his ability to pay. In addition to costs, a court can impose, as a condition of supervision, a monthly fee for administrative expenses attendant to offender supervision programs. ***Commonwealth v. Nicely***, 638 A.2d 213 (Pa. 1994). The fee applies to offenders who have been placed under the supervision of a county probation department or the Pennsylvania Board of Probation and Parole. ***See*** 37 Pa. Code § 68.21 (Imposition of Condition); ***see also*** 18 P.S. § 11.1102(c) (Costs for offender supervision programs).

Pursuant to 37 Pa. Code § 68.21:

The sentencing judge of the court of common pleas **shall** impose upon an offender, as a condition of supervision, a monthly supervision fee **unless the court** or a supervising agency designated by the court **determines that it should be reduced, waived or deferred based upon one or more of the following criteria**:

(1) The offender is 62 years of age or older with no income.
(2) The offender is receiving public assistance.
(3) The offender is enrolled as a full-time student for 12 semester credit hours in an educational organization approved by the United States Department of Education.
(4) The offender is incarcerated.
(5) The offender is not employable due to a disability, as determined by an examination acceptable to or ordered by the court.
(6) The offender is responsible for the support of dependents and the payment of a supervision fee constitutes an undue hardship on the offender.
(7) The client is participating in an inpatient treatment program.
(8) Other extenuating circumstances as determined by the court or a supervising agency designated by the court.

37 Pa. Code § 68.21 (emphasis added). Moreover, under 18 P.S. § 11.1102, the offender supervision fee is mandatory "unless the court finds that the fee should be reduced, waived or deferred based on the offender's present inability to pay." *Id.* at § 11.1102(c); *see also* § 11.1102(e)(1) ("the fee shall automatically become a part of the supervision conditions [of probation] . . . unless the court [] makes a finding that the offender is presently unable to pay" based on six enumerated factors set forth in section 11.1102(e)(2)(i-vi)). Thus, similar to the holding in *Lopez*, while a court is *required* to impose the fee upon a defendant who is placed under the supervision of a county probation department, a court *may* determine that, due to a defendant's inability to pay, the fee should be reduced, waived, or deferred. Notably, neither statute *requires* a court to first make a determination regarding a defendant's ability to pay before imposing the fee. Merely because a court has the discretion to waive the fee, does not mean that it abuses its discretion if it chooses not to do so. Thus, White is entitled to no relief on this basis as well.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 5/5/2021*