J-S18042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PRINCE COOPER, JR. | : | |
| | : | |
| Appellant | : | No. 908 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 21, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003822-2018

BEFORE:   PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 10, 2021**

Appellant, Prince Cooper, Jr., appeals from the judgment of sentence imposed following his conviction of recklessly endangering another person ("REAP") and driving under a suspended license ("DUS").[1]  Appellant argues that the trial court erred in imposing costs and a monthly supervision fee as part of his sentence without considering his ability to pay.  We affirm.

On February 21, 2020, Appellant entered into a negotiated guilty plea to the above-stated offenses arising out of a December 31, 2017 traffic stop. Pursuant to the terms of the agreement, Appellant was sentenced to time served to six months of incarceration and 50 hours of community service on the REAP count and a $200 fine on the DUS count.  In addition, Appellant was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2705; 75 Pa.C.S. § 1543(a).

directed to pay the costs of prosecution as well as a monthly offender supervision fee.

At the plea hearing, the Commonwealth explained the terms of the plea agreement, including that Appellant would be responsible to pay the costs of prosecution, and Appellant indicated his assent to the terms of the plea. N.T., 2/21/20, at 3-4. Appellant's counsel also requested that the trial court waive costs on the basis that Appellant was attending college, was not currently employed, and had no parental financial support. *Id.* at 9. The trial court did not substantively respond to Appellant's oral request to waive costs or address Appellant's ability to pay at the plea hearing but instead accepted the plea and sentenced him as set forth above. On February 24, 2020, Appellant filed a motion to waive the costs of prosecution and the offender supervision fee; the trial court entered an order the following day denying the motion. On March 5, 2020, Appellant filed a timely notice of appeal from the judgment of sentence.[2]

_____

[2] We note that on March 10, 2020, the trial court entered an order vacating its February 25, 2020 order, which denied Appellant's motion to waive costs and fees, and scheduling a hearing on the motion for May 1, 2020. However, Appellant did not request reconsideration of the February 25, 2020 order, and therefore his notice of appeal filed on March 5, 2020 deprived the trial court of jurisdiction to enter its March 10, 2020 order. *See Commonwealth v. Haughwout*, 816 A.2d 247, 249-50 (Pa. Super. 2003).

Appellant filed his concise statement of errors pursuant to Pa.R.A.P. 1925(b) on October 22, 2020. On January 4, 2021, the trial court entered its opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue on appeal: "Did the sentencing court err in imposing the costs of prosecution and offender supervision fee on an indigent person absent a consideration of their financial means?" Appellant's Brief at 4.[3]

With respect to the trial court's imposition of costs, Appellant argues that Rule of Criminal Procedure 706(C) requires the trial court to consider the defendant's ability to pay before imposing costs at sentencing. *See* Pa.R.Crim.P. 706(C) ("The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations."). Therefore, Appellant asserts that this Court must vacate the costs imposed at sentencing and remand for a hearing at which the trial court shall consider Appellant's financial situation.

During the pendency of this appeal, this Court addressed this precise issue in *Commonwealth v. Lopez*, 248 A.3d 589 (Pa. Super. 2021) (*en banc*),[4] rejecting the argument that Appellant makes here. In *Lopez*, this

---

[3] Appellant's challenge to the authority of the trial court to impose costs and fees at sentencing without considering his ability to pay implicates the legality of his sentence, as to which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Childs*, 63 A.3d 323, 325 (Pa. Super. 2013).

[4] A petition for allowance of appeal from this decision was filed in the Pennsylvania Supreme Court on April 22, 2021 and is pending at 178 EAL 2021.

Court held that Rule 706(C) only requires that the trial court hold a hearing on the defendant's ability to pay where the defendant faces incarceration for non-payment and that the trial court is not required to make a presentence determination of the defendant's ability to pay before imposing costs. *Id.* at 590, 592-95; *see also Commonwealth v. White*, 251 A.3d 1274, 1276 (Pa. Super. 2021). Because no presentence determination of Appellant's ability to pay was required at the time of his sentencing, the trial court's imposition of costs was not in error.

Appellant further argues that the trial court erred in imposing a monthly offender supervision fee without conducting an ability to pay hearing. Appellant asserts that the statute which authorizes the supervision fee, Section 1102 of the Crime Victims Act, provides that the fee should not be imposed where the defendant lacks the means to pay the fee. *See* 18 P.S. § 11.1102(c) ("The court shall impose as a condition of supervision a monthly supervision fee of at least $25 on any offender placed on probation, parole, accelerated rehabilitative disposition, probation without verdict or intermediate punishment unless the court finds that the fee should be reduced, waived or deferred based on the offender's present inability to pay."); *see also* 37 Pa. Code § 68.21 (setting forth criteria sentencing court may consider in determining whether to waive the supervision fee).

In *White*, this Court addressed the identical argument presented by Appellant here. We stated:

- 4 -

> [S]imilar to the holding in **Lopez**, while a court is *required* to impose the [supervision] fee upon a defendant who is placed under the supervision of a county probation department, a court *may* determine that, due to a defendant's inability to pay, the fee should be reduced, waived, or deferred. Notably, [Section 1102 does not require] a court to first make a determination regarding a defendant's ability to pay before imposing the fee.

**White**, 251 A.3d at 1277 (emphasis in original). We therefore concluded that the appellant was not entitled to relief on his claim that the trial court erred in imposing the supervision fee without addressing the defendant's ability to pay. **Id.**

Likewise here, the fact that the trial court ordered Appellant to pay a supervision fee without considering his ability to pay does not render his sentence illegal. Appellant's appellate arguments therefore do not merit relief, and we affirm his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2021

- 5 -