J-A15024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SETH AARON PRICE | : | |
| | : | |
| Appellant | : | No. 784 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 24, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001666-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SETH AARON PRICE | : | |
| | : | |
| Appellant | : | No. 785 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 24, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001667-2020

BEFORE:  MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: September 29, 2023**

Seth Aaron Price appeals from the judgment of sentence entered following his *nolo contendere* plea. He claims the trial court abused its discretion by imposing court costs for the offender supervision program without first conducting an ability-to-pay hearing. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

In March 2022, Price pleaded *nolo contendere* to involuntary deviate sexual intercourse ("IDSI") with a child, incest, and endangering the welfare of children[1] ("Docket 1666").[2] That same day, at a separate docket number,[3] Price pleaded *nolo contendere* to indecent assault of a person less than 13 years of age and simple assault.[4] As part of the agreement, the Commonwealth withdrew the remaining charges at both dockets and *nolle prossed* all charges at a third docket number.[5] N.T., Mar. 2, 2022, at 16.

At sentencing, Price's counsel informed the court that Price had lost his job and had not found new employment, had been using credit cards to pay counsel fees, and had only credit card debt in his name. **See** N.T., Mar. 24, 2022, at 30. Counsel asked the court to take that into consideration when imposing sentence. **Id.** The trial court imposed an aggregate sentence of five to 10 years in prison followed by 23 years of probation. The court also ordered Price to comply with lifetime registration requirements under the Sex Offender Registration and Notification Act. The sentencing order stated that Price was "to pay all applicable fees and costs[.]" Order of Sentence, dated Mar. 24, 2022.

---

[1] 18 Pa.C.S.A. §§ 3123(b), 4302(b), 4304(a)(1), respectively.

[2] CP-02-CR-0001666-2020.

[3] CP-02-CR-0001667-2020.

[4] 18 Pa.C.S.A. §§ 3126(a)(7) and 2701(a)(1), respectively.

[5] CP-02-CR-0001664-2020.

Price filed a post-sentence motion and a request to file a supplemental motion.[6] The court granted the request to file a supplemental motion, and Price submitted a motion challenging the imposition of costs. He noted that the itemized costs at Docket 1666 included two line items for the offender supervision program ("OSP") "(Allegheny/State) (Act 35 of 1991)" in the amount of $6,210.00 each. Supplemental Post Sentence Motion, filed Apr. 30, 2021, at ¶ 7. He argued that the statute mandated a court to impose a monthly supervision fee of $25 "on any offender placed on probation [or] parole . . . unless the court finds that the fee should be reduced, waived or deferred based on the offender's present inability to pay." *Id.* at ¶ 10 (quoting 18 P.S. § 11.1102(c)). He argued the fee was improperly calculated and that the court should not have assessed it because it had been apprised that Price had a present inability to pay costs.[7] The court denied the motion, and Price timely appealed.

Price raises the following issue on appeal:

---

[6] After sentencing, Price's trial counsel filed a motion to withdraw. The court granted the motion and appointed new counsel, who filed the post-sentence motion and supplemental post-sentence motion.

[7] Price noted that he was preserving his challenge because the issue of whether Rule 706(C) required a trial court to consider a defendant's ability to pay prior to imposing mandatory costs was on appeal in the Pennsylvania Supreme Court in *Commonwealth v. Lopez*, 178 EAL 2021, 261 A.3d 1031 (Pa. Aug. 24, 2021) (granting petition for allowance of appeal). As discussed below, the Supreme Court has since decided *Lopez*, finding a court is not required to determine the defendant's ability to pay prior to imposing mandatory costs. *See Commonwealth v. Lopez*, 280 A.3d 887, 891 (Pa. 2022).

> Did the trial court abuse its discretion by imposing mandatory court costs for Offender Supervision Programs under 18 P.S. § 11.1102(c) without first conducting an ability-to-pay hearing?

Price's Br. at 4.

Price points out that costs were imposed, and at Docket 1666 there are two fees entitled "OSP (Allegheny/State)," each assessed pursuant to Act 35 of 1991 for $6,210.[8] He maintains that the court abused its discretion by letting the offender supervision program cost stand without holding an ability-to-pay hearing. He further claims the amount over the $25 per month listed in the statute is discretionary. He argues that $25 times 276 months is $6,900 and he was assessed nearly double that amount. He claims the $45 per month charge was set by a "decade-old administrative order" in Allegheny County. Price's Br. at 13.

Price further argues that his counsel "signaled to the trial court" that he was financially destitute. *Id.* at 11. He argues that under Section 11.1102(c), the court may reduce, waive, or defer costs based on an inability to pay, and maintains it was an abuse of discretion to let the costs stand where he had a present inability to pay.

Price argues **Commonwealth v. Lopez**, 280 A.3d 887, (Pa. 2022), does not apply because its holding applies to mandatory costs, and the supervision fee assessed on him was more than the mandatory cost required by statute. In his view, the fees over the statutory amount were discretionary.

---

[8] Price notes that he was sentenced to 23 years' probation and his probation at Docket 1667 was concurrent to his probation at Docket 1666.

He asserts it was an abuse of discretion to impose the discretionary portion of the fees without an ability-to-pay hearing.

"[A] court can impose, as a condition of supervision, a monthly fee for administrative expenses attendant to offender supervision programs." *Commonwealth v. White*, 251 A.3d 1274, 1276-77 (Pa.Super. 2021) (citing *Commonwealth v. Nicely*, 638 A.2d 213 (Pa. 1994)). "The fee applies to offenders who have been placed under the supervision of a county probation department or the Pennsylvania Board of Probation and Parole." *Id.* at 1277; *See also* 37 Pa. Code § 68.21 (Imposition of Condition); 18 P.S. § 11.1102(c) (Costs for offender supervision programs).

The court must impose "a monthly supervision fee of at least $25":

> **(c) Court.—**The court shall impose as a condition of supervision a monthly supervision fee of at least $25 on any offender placed on probation, parole, accelerated rehabilitative disposition, probation without verdict or intermediate punishment unless the court finds that the fee should be reduced, waived or deferred based on the offender's present inability to pay. All of the fees shall be deposited into the County Supervision Fee Restricted Receipts Account established in each county pursuant to this section. In the discretion of the Auditor General, but no less than once every three years, the Auditor General shall conduct an audit of the account.

18 P.S. § 11.1102(c).

Allegheny County has issued an administrative order setting the fee at $45. The order provides, "All offenders placed on probation, parole, ARD, PWV, or IP *shall be assessed* an offender supervision fee of forty-five dollars ($45.00) for every month or fraction thereof that an offender is under

supervision." Appellant's Br., Ex. D, *Offender Supervision Fees*, No. AD-2012-120-CR, 42 Pa. Bull. 3438 (Pa. C.P. May 11, 2012).

The Pennsylvania Supreme Court in **Lopez** concluded that Criminal Rule 706(c)[9] does not require a sentencing court "to consider a defendant's ability to pay prior to imposing mandatory court costs at sentencing." 280 A.3d at 897. In **White**, this Court held that a court is required to impose the supervision fee in Section 11.1102(c). 251 A.3d at 1277. Relying on **Lopez**, it further concluded that although a trial court may determine the fee should be reduced, waived, or deferred due to an inability to pay, the court was not required to make such a determination before imposing the fee. **Id.**

Price's attempt to distinguish **White** on the ground that the fees over $25 were discretionary fails. The statute requires the court to impose a monthly supervision fee of "*at least* $25.00." 18 P.S. § 11.1102(c) (emphasis added). Allegheny County has set the fee at the mandatory amount of $45. The additional amount over $25 was not discretionary, and the court was not required to hold an ability-to-pay hearing before imposing the fees.

Judgment of sentence affirmed.

---

[9] Pennsylvania Rule of Criminal Procedure 706(C) provides:

> The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

Pa.R.Crim.P. 706(C).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/29/2023