J-A01018-20

2020 PA Super 98

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURICE HUDSON | : | |
| | : | |
| Appellant | : | No. 611 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 12, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009201-2009

BEFORE:   NICHOLS, J., MURRAY, J., and COLINS, J.[*]

OPINION BY MURRAY, J.:                                    Filed : April 16, 2020

Maurice Hudson (Appellant) appeals from the judgment of sentence imposed following the revocation of his probation.  Appellant claims that the trial court erred in determining that he violated a specific condition of his probation because court costs cannot be imposed as part of a sentence.  Additionally, Appellant asserts that the trial court erred when it imposed a sentence of total confinement for his failure to pay court costs without conducting a hearing concerning his ability to pay, and imposed an excessive sentence.  Because we are constrained to conclude that the trial court imposed an illegal sentence, we vacate the judgment of sentence.

On April 21, 2010, Appellant entered a negotiated guilty plea to two counts of robbery and one count each of criminal conspiracy, carrying a firearm without a license, and possession of an instrument of crime.[1]  Pursuant

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] 18 Pa.C.S.A. §§ 3701(a)(1), 903(a)(1), 6106(a)(1), and 907(a).

to the agreement, the trial court sentenced Appellant to two to four years of incarceration, plus three years of probation. Appellant was work release eligible and received credit for time served. In Appellant's sentencing order, the trial court imposed the following conditions of probation: obtain a GED; attend job training; seek and maintain employment; and pay court costs. Sentencing Order, 4/21/10.

On October 22, 2012, Appellant was released from prison and began serving probation. Subsequently, Appellant attended four violation of probation (VOP) hearings before the trial court. On June 25, 2015, the trial court found him in technical violation of his probation for failing to obtain employment and pay court costs. The trial court sentenced Appellant to 11½ to 23 months of incarceration, plus three years of probation. On January 12, 2016, the trial court granted Appellant's petition for parole, but ordered Appellant to comply with the conditions of probation.

On July 18, 2017, Appellant appeared for a second VOP hearing after a bench warrant was issued following Appellant's failure to appear at a status hearing. The trial court found Appellant in technical violation of his probation, but did not impose any further sentence. On May 7, 2018, Appellant appeared for a third VOP hearing. The trial court again found Appellant in technical violation of his probation for not maintaining employment and failing to pay court costs. The trial court sentenced Appellant to one year of probation.

On February 12, 2019, Appellant appeared for a fourth VOP hearing, which is the subject of the instant appeal. The trial court found Appellant in

- 2 -

technical violation for failing to pay court costs. ***See*** N.T., 2/12/19, at 6, 17-19, 21-24; ***see also*** Gagnon II Summary, 2/7/19. In order to "vindicate the authority of the court," the trial court sentenced Appellant to 1½ to 3 years of incarceration. N.T., 2/12/19, at 18. The trial court also sentenced Appellant to pay fines and costs, undergo random drug screens, and seek and maintain employment. ***Id.***; ***see also*** Order, 2/12/19.

On February 14, 2019, Appellant filed a motion for reconsideration of his VOP sentence. While the motion was pending, Appellant filed a timely notice of appeal with this Court. On April 3, 2019, the trial court issued an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely submitted on April 15, 2019.

Appellant presents three issues for our review:

1. Did not the lower court err and impose an illegal sentence, violating Rule 706 of the Pennsylvania Rules of Criminal Procedure and Appellant's due process rights, by committing Appellant to prison for failure to pay court costs without making adequate inquiry into Appellant's ability to pay?

2. Did not the lower court impose an illegal sentence when it revoked Appellant's probation and imposed 1½ to 3 years incarceration for his failure to pay court costs, where the condition that a probationer pay court costs is not a valid condition of probation under 42 Pa.C.S.A. § 9754?

3. Did not the lower court abuse its discretion in imposing a sentence of 1½ to 3 years confinement because Appellant failed to pay court costs and obtain "above the table" employment, where the sentence imposed was inconsistent with the Sentencing Code and fundamental norms underlying the sentencing process, contrary to Appellant's rehabilitative

needs, and not necessary to vindicate the authority of the court?

Appellant's Brief at 3 (trial court answers omitted). We need only discuss Appellant's second issue, as it is dispositive of this appeal.

In an appeal from a sentence imposed after a trial court's revocation of probation, this Court "can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted).

When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S.A. § 9771. Notably, Section 9771 allows for termination of supervision or modification of the conditions of probation at any time. *Id.* at § 9771(a). Revocation of probation, however, is permitted only "upon proof of the violation of specific conditions of the probation." *Id.* at § 9771(b). If, after determining that the defendant has violated a specific condition of probation, the court revokes a defendant's probation, it may only resentence the defendant to a term of incarceration if: 1) the defendant was convicted of a new crime; 2) the defendant's conduct makes it likely that he or she will commit a new crime if not incarcerated; or 3) incarceration "is essential to vindicate the authority of the court." *Id.* at § 9771(c).

Appellant contends that the failure to pay court costs, the basis upon which his probation was revoked, was an illegal condition of sentence under Section 9754 of the Judicial Code. *See id.*; *see also* 42 Pa.C.S.A. § 9754.

- 4 -

Likewise, Appellant asserts that Section 9771, which governs revocation of probation, "unambiguously provides that revocation of probation is permissible only 'upon proof of the violation of **specified conditions** of probation.'" Appellant's Brief at 24 (quoting ***Commonwealth v. Foster***, 214 A.3d 1240, 1251 (Pa. 2019)) (emphasis added). Accordingly, Appellant submits that because court costs cannot be imposed as a condition of probation, and thus, it cannot be said that he violated any specific condition of his probation, the trial court illegally revoked his probation. ***Id.***; ***see also Foster***, 214 A.2d at 1251.

We begin by noting that objections to an illegal sentence "cannot be waived and may be reviewed *sua sponte* by this Court." ***Commonwealth v. Mears***, 972 A.2d 1210, 1211 (Pa. Super. 2009). The scope and standard of review applied to determine the legality of a sentence are well settled.

> If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

***Commonwealth v. Dixon***, 161 A.3d 949, 951 (Pa. Super. 2017) (citation omitted).

When interpreting a sentencing statute, we are mindful that:

> '[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.' 1 Pa.C.S. § 1921(a). The plain language of the statute is generally the best indicator of legislative intent, and the words of a statute 'shall be construed according to rules of

- 5 -

grammar and according to their common and approved usage. . . .' 1 Pa.C.S. § 1903(a). We generally will look beyond the plain language of the statute only when words are unclear or ambiguous, or the plain meaning would lead to 'a result that is absurd, impossible of execution or unreasonable.' 1 Pa.C.S. § 1922(1); *see also Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1058 (Pa. 2012).

*Commonwealth v. Hall*, 80 A.3d 1204, 1211 (Pa. 2013). Since Section 9754 is a penal statute, we must strictly construe this provision and interpret any ambiguity in the light most favorable to the criminal defendant. *Id.* at 1212 ("as a penal statute, Section 9754 must be interpreted in the light most favorable to [the defendant]").

The Commonwealth acknowledges that Appellant has seemingly received an illegal sentence of incarceration. Commonwealth's Brief at 12. In particular, the Commonwealth avers that our case law "suggest[s] that costs cannot be imposed as a condition of probation, and, consequently, that probation cannot be revoked for nonpayment of costs." *Id.* The Commonwealth further recognizes the legal distinction between fines and costs: "fines are punishment because they are direct consequences of a criminal conviction; costs are not because they are 'akin to collateral consequences.' Accordingly, '[c]osts are not part of [a] sentence.'" Commonwealth's Brief at 11-12 (citations omitted).

In its 1925(a) opinion, the trial court contends it was authorized to revoke Appellant's probation and sentence him to a term of incarceration pursuant to Section 9771(c), "as such a sentence was essential to vindicate

the authority of the court." Trial Court Opinion, 6/27/19, at 10. The trial court stated:

> This Court had given [Appellant] numerous chances to get his life together while on probation/parole. Instead, he chose to squander these opportunities and simply continued doing what he wanted to do. This Court explained to [Appellant] at the violation hearing:
>
> > All this time that you've been back and forth before this Court and every single time you got a break. Even the first time you came in front of this Court you didn't go to state prison. . . . You go[t] the biggest break when you first got sentenced. You got two to four to be served in the County and everything was running concurrent. That was a big break. I don't know if anybody ever broke it down to you that way. That was a big break because you never had to go to State prison and since that time I've been giving you break after break after break and every single time you came in here with nothing but excuses about why you didn't do what you're supposed to do.

*Id.* at 10-11 (citations omitted).

The primary statute at issue in this appeal is Section 9754 of the Judicial Code, which governs orders of probation. Specifically, Section 9754 provides that "[t]he court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life." 42 Pa.C.S.A. § 9754(b). Subsection (c), in turn, enumerates 14 discrete conditions:

(1)   To meet his family responsibilities.

(2)   To devote himself to a specific occupation or employment.

(2.1)  To participate in a public or nonprofit community service program unless the defendant was convicted of murder,

- 7 -

rape, aggravated assault, arson, theft by extortion, terroristic threats, robbery or kidnapping.

(3)     To undergo available medical or psychiatric treatment and to enter and remain in a specified institution, when required for that purpose.

(4)     To pursue a prescribed secular course of study or vocational training.

(5)     To attend or reside in a facility established for the instruction, recreation, or residence of persons on probation.

(6)     To refrain from frequenting unlawful or disreputable places or consorting with disreputable persons.

(7)     To have in his possession no firearm or other dangerous weapon unless granted written permission.

**(8)     To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby.**

(9)     To remain within the jurisdiction of the court and to notify the court or the probation office of any change in his address or his employment.

(10)    To report as directed to the court or the probation officer and to permit the probation officer to visit his home.

**(11)    To pay such fine as has been imposed.**

(12)    To participate in drug or alcohol treatment programs.

**(13)    To satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.**

(14)    To remain within the premises of his residence during the hours designated by the court.

42 Pa.C.S.A. § 9754(c)(emphasis added).

- 8 -

Section 9754 empowers sentencing courts to impose reasonable conditions of probation, which may be monetary obligations, to assist the defendant in leading a law-abiding life, so long as the conditions do not result in a violation of the defendant's essential constitutional liberty and freedom of conscience. *Hall*, 80 A.3d at 1212. As described in subsections (c)(8) and (c)(11), monetary conditions of probation may be imposed for the purpose of "restitution" or "fines." Notably, however, Section 9754 does not expressly include a provision permitting the type of monetary condition imposed here – court cost. We therefore consider the language of Section 9754 in light of the directive that, as a penal statute, Section 9754 must be interpreted in the light most favorable to Appellant. *Id.*

In *Commonwealth v. Wall*, this Court reviewed the different monetary measures a court may impose upon a defendant at sentencing, *i.e.*, costs, fines, or restitution. We explained:

> Often following a criminal conviction, the trial court places a monetary imposition on the defendant. The imposition of costs and restitution are not considered punishment. Both costs and restitution are designed to have the defendant make the government and the victim whole. Restitution compensates the victim for his loss and rehabilitates the defendant by impressing upon him that his criminal conduct caused the victim's loss and he is responsible to repair that loss. *See Commonwealth v. Runion*, [ ] 662 A.2d 617, 618 ([Pa.] 1995). Costs are a reimbursement to the government for the expenses associated with the criminal prosecution. *See*, *e.g.*, *United States v. Monsanto Co.*, 858 F.2d 160 (4th Cir. 1988). Costs and restitution are akin to collateral consequences. Conversely, fines are considered direct consequences

and, therefore, punishment. *See Parry [v. Rosemeyer]*, 64 F.3d [110] at 114 [(3d Cir.1995)] (quoting *[U.S. v.] Salmon*, 944 F.2d [1106] at 1130 [(3d Cir.1991)]); *see also Commonwealth v. Martin*, [ ] 335 A.2d 424 ([Pa. Super.] 1975) (requiring an indigent to pay a $5,000.00 fine was *per se* manifestly excessive and constituted too severe [a] punishment). The Legislature authorized fines for all offenses and intended to relate the amount of the fine to the gravity of the offense. *See* 18 Pa.C.S.A. § 1101 ...

Historically, fines are punishment. A fine is a monetary amount equal to the severity of the crime and has been used to ensure that a person does not receive a pecuniary gain from the offense.

*Id.*, 867 A.2d at 583.

It is undisputed that subsection (c)(8), governing an award of restitution as a condition of probation, does not encompass a directive to pay court costs. Likewise, in *Commonwealth v. Rivera*, 95 A.3d 913 (Pa. Super. 2014), this Court explained that court costs are distinct from fines, and thus are not authorized as a condition of probation under subsection (c)(11). This Court in *Rivera* concluded that because court costs do not intend to "punish" the defendant or ensure that he "does not receive a pecuniary gain from the offense," they are not a fine and fall outside the scope of subsection (c)(11). *Id.* at 916.

Section 9754(c)(13) is a catchall provision, written in broader terms than subsections (c)(8) and (11). The provision authorizes the imposition of "any" other condition of probation reasonably related to the defendant's rehabilitation, so long as the condition is not "unduly restrictive" of the

defendant's constitutional liberty or conscience. This subsection neither approves nor excludes monetary obligations.

Both Appellant and the Commonwealth, however, cite to **Rivera** as prohibiting the imposition of court costs as a probationary monetary condition fashioned pursuant to subsection (c)(13). We agree with the parties' interpretation. It is clear from our reading of **Rivera** that court costs do not reasonably relate to the rehabilitation that probation is designed to foster, and thus, cannot be subsumed within the catchall provision of Section 9754. We explained:

> Costs are not part of the criminal's sentence but are merely incident to the judgment. **Commonwealth v. Nicely**, [ ] 638 A.2d 213, 217 ([Pa.] 1994). As a mere incident to judgment, costs are not 'reasonably related to the rehabilitation of the defendant,' the *sine qua non* of probationary conditions under [S]ection 9754(c)(13).

**Rivera**, 95 A.3d at 917. Accordingly, we are constrained to conclude that court costs are not authorized as a condition of probation under Section 9754.

Thus, because Appellant has not violated a specific condition of probation, we likewise conclude that the trial court erred in revoking Appellant's probation. In **Foster**, our Supreme Court held that a defendant may be found in violation of probation where the trial court concludes, based on a preponderance of the evidence, that the probationer "violated a specific condition of probation or committed a new crime to be found in violation. Absent such evidence, a violation of probation does not occur solely because a judge believes the probationer's conduct indicates that probation has been

ineffective to rehabilitate or to deter against antisocial conduct." **Foster**, 214 A.3d at 1243.

As discussed **supra**, Section 9754 does not authorize the imposition of court costs as a condition of probation. Therefore, consistent with our Supreme Court's directive in **Foster**, Appellant cannot be said to be in technical violation of his probation. Accordingly, we reverse the trial court's order revoking Appellant's probation and vacate his judgment of sentence.[2]

Revocation of probation reversed. Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judge Colins joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/20

---

[2] Although not in the certified record but relevant to the proceedings on remand, the parties acknowledge that Appellant's court costs were paid in full after Appellant filed his notice of appeal in this Court. **See** Appellant's Brief at 21 n.9; **see also** Emergency Motion for an Original Writ of Habeas Corpus, 9/24/19; Emergency Unopposed Application for Bail Pending Appeal from Revocation of Probation Upon Technical Violation of Probation, 11/18/19. Also, on November 21, 2019, our Supreme Court ordered Appellant released on unsecured bail pending the resolution of this appeal. Order, 11/21/19.