J-S25024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH MELVIN ROLLINS | : | |
| | : | |
| Appellant | : | No. 161 EDA 2021 |

Appeal from the Order Entered December 3, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003756-2019

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED DECEMBER 21, 2021**

Joseph Melvin Rollins appeals from the judgment of sentence entered following his conviction for Driving While Operating Privilege Is Suspended (DUS), DUI-Related, Third or Subsequent Offense. **See** 75 Pa.C.S.A. § 1543(b)(1)(iii). He argues that Section 1543(b)(1)(iii) is unconstitutionally vague. We affirm.

Following a bench trial, the trial court found Rollins guilty of the above offense and sentenced him to six to 12 months' incarceration, and Rollins appealed. The trial court ordered counsel to file a Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal, and counsel notified the trial court that she intended to file an **Anders**[1] brief. **See** Pa.R.A.P. 1925(c)(4).

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

Subsequently, our Supreme Court decided **Commonwealth v. Eid**, 249 A.3d 1030 (Pa. 2021). There, the defendant was found guilty of the summary offense of DUS by a person who refused a breath test. **See** 75 Pa.C.S.A. § 1543(b)(1.1)(i). The Court held that due to the "absence of a maximum term," Section 1543(b)(1.1)(i) was "unconstitutionally vague and inoperable[.]" **Eid**, 249 A.3d at 1044. The Court stated that it refused to infer a maximum sentence because by doing so it would have been forced to "engage in sheer speculation as to which sentence the General Assembly intended." **Id.** at 1043 (quoting **Commonwealth v. Bell**, 645 A.2d 211, 217 (Pa. 1994)).

Following **Eid**, Rollins' counsel filed a brief with this Court challenging the constitutionality of Section 1543(b)(1)(iii). **See** Rollins' Br. at 8-9. He phrases the question as, "Does the absence of a maximum term render the pertinent DUS sentencing provision under 75 Pa.C.S.A. § 1543(b)(1)(iii) unconstitutionally vague violating state and federal due process provisions?" Rollins' Br. at 1.

Before we address the merits of Rollins' issue, we first address whether he has waived the issue. As the foregoing makes clear, the instant question on appeal was not presented to the trial court or presented in a Rule 1925(b) Statement. Such failings ordinarily result in waiver. **See** Pa.R.A.P. 1925(b)(3)(iv); Pa.R.A.P. 302(a). However, our Supreme Court recently held that a claim challenging whether a sentencing statute is unconstitutionally vague is an illegal sentence claim. **See Commonwealth v. Moore**, 247 A.3d

990, 991 (Pa. 2021). Because such a claim cannot be waived, we consider Rollins' argument. **See Commonwealth v. Hudson**, 231 A.3d 974, 977-978 (Pa.Super. 2020).

Citing **Eid**, Rollins argues that "[t]he absence of a maximum term in 75 Pa.C.S.A. § 1543 (b)(1)(iii) renders the provision unconstitutionally vague and denies defendants due process under the law." Rollins' Br. at 9. As a challenge to the constitutionality of a statute is a question of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Proctor**, 156 A.3d 261, 268 (Pa.Super. 2017).

Section 1543(b)(1)(iii) provides:

> A third or subsequent violation of this paragraph shall constitute a **misdemeanor of the third degree** and, upon conviction of this paragraph, a person shall be sentenced to pay a fine of $2,500 and to undergo **imprisonment for not less than six months**.

75 Pa.C.S.A. § 1543(b)(1)(iii) (emphasis added).

Though the "not less than" language is identical in both Section 1543(b)(1.1)(i), which was at issue in **Eid**, and Section 1543(b)(1)(iii), they are distinguishable by way of grading. Section 1543(b)(1.1)(i) is graded as a summary offense while Section 1543(b)(1)(iii) is graded as a misdemeanor of the third degree. The grading is significant because 75 Pa.C.S.A. § 6502(c) provides that the Crimes Code's provisions regarding fines and imprisonment do not apply to summary convictions under the Vehicle Code. **See** 75 Pa.C.S.A. § 6502(c) ("Title 18 (relating to crimes and offenses), insofar as it

relates to fines and imprisonment for convictions of summary offenses, is not applicable to this title").

No such provision exists for misdemeanors under the Vehicle Code. As a result, the sentencing provisions of the Crimes Code apply. Rollins was found guilty of a misdemeanor of the third degree, and relevant provisions of the Crimes Code provide a maximum sentence of one year. **See** 75 Pa.C.S.A. § 1543(b)(1)(iii); 18 Pa.C.S.A. § 106(b)(8) ("A crime is a misdemeanor of the third degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than one year."). Therefore, Section 1543(b)(1)(iii) is not unconstitutionally vague, pursuant to **Eid**.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2021