J-S17041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | : | |
| v. | : | |
| ZACHARY THOMAS SPADA | : | |
| Appellant | : | No. 55 WDA 2023 |

Appeal from the PCRA Order Entered December 21, 2022
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002927-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | : | |
| v. | : | |
| ZACHARY THOMAS SPADA | : | |
| Appellant | : | No. 56 WDA 2023 |

Appeal from the PCRA Order Entered December 21, 2022
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002926-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | : | |
| v. | : | |
| ZACHARY THOMAS SPADA | : | |
| Appellant | : | No. 57 WDA 2023 |

Appeal from the PCRA Order Entered December 21, 2022
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002928-2018

BEFORE:  LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:                          **FILED: November 2, 2023**

Appellant, Zachary Thomas Spada, appeals from the order entered in the Erie County Court of Common Pleas, which denied his motion for modification of probation.  We affirm.

A prior panel of this Court set forth the relevant facts and procedural history of this appeal as follows:

> On July 3, 2019, [Appellant] entered negotiated guilty pleas at [four] dockets to various crimes, including kidnapping and aggravated assault by a prisoner.[1]  On August 21, 2019, the trial court sentenced him to an aggregate term of two to five years of incarceration and a consecutive two-year probationary term.  [Appellant] did not file an appeal.
>
> On April 23, 2020, [Appellant] filed a *pro se* petition for transcripts and *in forma pauperis* status at each docket.  On May 4, 2020, the trial court denied the petition.  On May 11, 2020, he filed a *pro se* notice of appeal in which he challenged the court's denial of transcripts, but later withdrew it.
>
> On June 3, 2020, [Appellant] filed a *pro se* "Motion to Alter Sentencing Order Due to Economic Hardship," in which he requested [to pay the remainder of court costs upon his release on parole].  The trial court transferred this petition to the Commonwealth Court for disposition.  On July 27, 2020, [Appellant] filed a "Motion to Amend/Reconsider Sentencing Order *Nunc Pro Tunc*."  The trial court denied this motion on July 31, 2020.

---

[1] The sentence at one of the trial court dockets, No. 2902 of 2018, is not at issue in the current appeal.  At No. 2902 of 2018, the court imposed a term of imprisonment for Appellant's guilty plea to kidnapping.  At the remaining dockets, the court imposed probationary sentences, which we address *infra*.

On June 16, 2021, nearly two years after he was sentenced, [Appellant] filed a *pro se* PCRA petition, in which he raised various claims of ineffective assistance based upon his mental health status. The PCRA court appointed counsel. On September 10, 2021, PCRA counsel filed a supplemental PCRA.

On October 7, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss [Appellant's] PCRA petition without a hearing because it was untimely filed. [Appellant] filed a *pro se* response. By order entered November 9, 2021, the PCRA court dismissed [Appellant's] petition. On December 6, 2021, PCRA counsel filed a notice of appeal at each docket.

\*   \*   \*

On December 13, 2021, PCRA counsel wrote to the [PCRA court] requesting that a **Grazier**[2] hearing be scheduled. On December 28, 2021, the court held a **Grazier** hearing during which [Appellant] advised he wanted to waive the right to counsel. The court determined [Appellant's] waiver of counsel was knowing, voluntary and intelligent, and permitted [Appellant] to proceed *pro se*.

**Commonwealth v. Spada**, Nos. 1465, 1466, 1467, and 1468 WDA 2021, unpublished memorandum at 2-3 (Pa.Super. filed March 31, 2023) (internal record citations and footnote omitted).

On December 20, 2022, while the appeal of the PCRA order remained pending, Appellant filed a *pro se* motion for modification of probation at the three docket numbers where the court imposed probationary sentences.[3] In

---

[2] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).

[3] Generally, a trial court may no longer consider a matter after an appeal is taken. **See** Pa.R.A.P. 1701(a). Nevertheless, we observe that a "court has
*(Footnote Continued Next Page)*

his motion, Appellant claimed that the "August 21, 2019 sentencing orders [provide] that [Appellant] is to pay costs as a condition of the aggregate 2-year probationary sentence." (Motion, filed 12/20/22, at ¶4). Appellant insisted, however, that 42 Pa.C.S.A. § 9754 (governing probation orders) "does not authorize the imposition of court costs as a condition of probation." (*Id.*) (citing **Commonwealth v. Hudson**, 231 A.3d 974, 981 (Pa.Super. 2020)). Consequently, Appellant requested that the court "modify the order of probation, as it is permitted to do at any time, and remove the language that [Appellant] is ordered to pay costs." (*Id.* at ¶6).

The court denied Appellant's motion on December 21, 2022. Appellant timely filed a *pro se* notice of appeal on January 9, 2023. On January 23, 2023, Appellant voluntarily filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[4]

Appellant now raises three issues for this Court's review:

> Can the denial of relief stand where a motion filed under 42
> Pa.C.S. § 9771(a) to modify a patently illegal sentence is

---

inherent power to **at any time** terminate continued supervision [or] lessen the conditions upon which an order of probation has been imposed…." 42 Pa.C.S.A. § 9771(a) (emphasis added). Because a court possesses the power to lessen the conditions of probation "at any time," we conclude that Appellant properly filed his motion seeking to invoke the court's power. **See id. See also Commonwealth v. Nicely**, 536 Pa. 144, 152, 638 A.2d 213, 217 (1994) (stating trial court possessed jurisdiction to modify defendants' probation conditions; probation order is conditional by its very nature; as such, court may lessen or increase conditions of probation at any time).

[4] This Court subsequently affirmed the order denying PCRA relief on March 31, 2023. **See Spada, supra**.

summarily denied by the [trial] court despite the requirement that illegal sentences must be vacated?

Does the [trial] court misapply the law when it fails to correct its own errors by failing to modify illegal sentences despite having the jurisdiction to do so under 42 Pa.C.S. § 9771(a)?

Does the [trial] court abuse its discretion when it fails to correct patently illegal sentences despite having the jurisdiction to do so?

(Appellant's Brief at 4).

Despite raising three discrete issues in his statement of questions involved, Appellant consolidates these claims in the argument section of his brief. Therein, Appellant reiterates the assertion made in his motion for modification of probation: there is no statutory authorization for the imposition of court costs as a condition of probation. On this basis, Appellant insists that the trial court erred by ordering him to pay court costs as part of the probationary sentences. Appellant concludes that this Court must vacate the judgments of sentence and remand the matter for the court to correct the purportedly illegal sentences. We disagree.

"The defendant or the Commonwealth may appeal as of right the legality of the sentence." 42 Pa.C.S.A. § 9781(a). "As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*." *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa.Super. 2013). "A challenge to the legality of sentence is a question of law; our standard of review is *de novo* and our scope

of review is plenary." ***Commonwealth v. Alston***, 212 A.3d 526, 528 (Pa.Super. 2019).

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Likewise, a sentence that exceeds the statutory maximum is illegal. If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.

***Infante, supra*** at 363 (internal citations and quotation marks omitted).

The Sentencing Code provides for the mandatory payment of costs as follows:

> **§ 9721. Sentencing generally**
>
> \* \* \*
>
> **(c.1) Mandatory payment of costs.—**Notwithstanding the provisions of section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, in addition to the alternatives set forth in subsection (a), the court shall order the defendant to pay costs. In the event the court fails to issue an order for costs pursuant to section 9728, costs shall be imposed upon the defendant under this section. No court order shall be necessary for the defendant to incur liability for costs under this section. The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. No. 706(C) (relating to fines or costs).

42 Pa.C.S.A. § 9721(c.1).

"Often following a criminal conviction, the trial court places a monetary imposition on the defendant." ***Commonwealth v. Rivera***, 95 A.3d 913, 916

(Pa.Super. 2014) (quoting **Commonwealth v. Wall**, 867 A.2d 578, 583 (Pa.Super. 2005)).

> Unlike restitution imposed under 42 Pa.C.S. §§ 1106, 9721(c), and unlike fines, which are both part of a defendant's sentence, 42 Pa.C.S. § 9726(a), (b)(1)-(2), "a direction to pay costs in a criminal proceeding is not part of the sentence, but is an incident of the judgment. Costs do not form a part of the penalty imposed by the statutes providing for the punishment of criminal offenses[.]" [**Commonwealth v. Soudani**, 165 A.2d 709, 711 (Pa.Super. 1960)].

**Commonwealth v. Mulkin**, 228 A.3d 913, 919 (Pa.Super. 2020) (internal citations and quotation marks omitted). "Costs are a reimbursement to the government for the expenses associated with the criminal prosecution." **Rivera, supra** at 916.

Instantly, the record contains each of the relevant sentencing orders. All three orders are formatted in the same manner. First, the orders list the count for which the court sentenced Appellant, followed by the length of the probationary term for that count. Next, the orders provide the "linked sentences" that Appellant received at the related docket numbers. Following the "linked sentences," each order states: "**The defendant is to pay costs.**" (Orders at Nos. 2926, 2927, and 2928 of 2018, filed 8/21/19) (emphasis in original).

Thereafter, the orders contain a separate section setting forth the conditions of Appellant's probation:

> **Conditions of Supervision**: The defendant shall pay supervision fees/administrative fees/costs per

> month/payment plan and comply with all rules and conditions of **probation, parole, or intermediate punishment** as set forth in any contract of supervision and any other conditions as the court may impose.[5]

(**Id.**) (emphasis in original).

Contrary to Appellant's assertions, our review of the sentencing orders reveals that the payment of court costs was not a condition of probation. Rather, the court properly imposed costs as "an incident of the judgment," while devoting separate sections of the orders to the actual probation conditions. **See Mulkin, supra**. **See also Commonwealth v. Deshong**, 850 A.2d 712 (Pa.Super. 2004) (evaluating totality of sentencing order and concluding that restitution was part of "direct sentence," rather than condition of probation; conditions of probation were on first page of order; conditions did not specifically include restitution, which court could have easily added to conditions of probation section; additionally, judge did not say restitution was condition of probation). Under these circumstances, Appellant's reliance on **Hudson, supra** is misplaced. **Cf. Hudson, supra** (concluding court costs are not authorized as condition of probation; therefore, court should not have found appellant in technical violation of probation for failing to pay court costs). Because statutory authorization exists to support the sentence

---

[5] "In addition to costs, a court can impose, as a condition of supervision, a monthly fee for administrative expenses attendant to offender supervision programs." **Commonwealth v. White**, 251 A.3d 1274, 1276-77 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 284 A.3d 868 (2022).

imposed, we conclude that Appellant's sentence is legal. **_See Infante,_** **_supra_**; 42 Pa.C.S.A. § 9721(c.1). Accordingly, we affirm the order denying Appellant's motion for modification of probation.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

11/2/2023